UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Select Comfort Corporation,

   Plaintiff,

v.                  Civil No. 13-2975 (JNE/FLN)
                    ORDER
Arrowood Indemnity Company,

   Defendant.

  The present action arises out of an insurance coverage dispute between Plaintiff Select Comfort Corporation, as the insured entity, and Defendant Arrowood Indemnity Company, as the insurer.  On or around April 25, 2008, Select Comfort became a defendant in a putative class-action lawsuit filed in California on behalf of purchasers and users of a Sleep Number® bed manufactured by Select Comfort between January 1, 1987 and December 31, 2005 ("the Stearns Action").  Select Comfort provided notice of the Stearns Action to Arrowood and requested insurance coverage under the policies at issue that provided certain coverage to Select Comfort for the time-period of February 1, 2001 to February 1, 2003.

  In a letter, dated June 23, 2008, Arrowood confirmed that it agreed to participate in defense of the Stearns Action, subject to a reservation of rights.  Dkt. 21-4 at 2.  The letter also notified Select Comfort that Arrowood would be referring the defense of the Stearns Action to counsel at the law firm of Lewis, Brisbois, Bisgaard & Smith LLP in San Francisco.  *Id.* at 8.  Select Comfort responded to Arrowood through counsel at the Oppenheimer Wolff & Donnelly LLP firm in Minneapolis.  Dkt 21-5.  Select Comfort communicated its position that Arrowood's reservation of rights reflected a conflict of interest that converts Arrowood's "duty to defend into a duty to reimburse reasonable defense costs."  *Id.* at 2.  Based on its position, Select Comfort intended to have the Oppenheimer firm litigate the Stearns Action on its behalf and represent

1

Select Comfort with regard to the coverage issues raised by Arrowood. *See id.* at 1-2. Arrowood disagreed that its reservation of rights created a conflict of interest that warranted independent counsel. Dkt. 21-4 at 4.

The parties continued to dispute the conflict of interest issue. *See* Dkt. 22-3, 22-6. At some point, however, around November 2008, Arrowwood agreed to provide reimbursement to Select Comfort for its share of the defense. *See* Dkt. 21-9, 13-4 at 74-75. At least as of February 2009, Select Comfort understood that Arrowood would limit its reimbursement to 50% of Oppenheimer's fees at the hourly rates of $225 for partners, $180 for associates, and $75 for paralegals. Dkt. 13-4 at 74-75.

Litigation of the Stearns Action continued until August 2012, when the parties in the Stearns Action stipulated to a dismissal with prejudice. Dkt. 13-4 at 57-60. During the course of the litigation, Oppenheimer invoiced Select Comfort for a total amount of $ 1,033,779.89 for the Stearns Action. Dkt. 14, ¶ 2. The payments from Arrowood total $557,251.87 or approximately 50% of the invoiced amount. *Id.* at ¶ 3.

Select Comfort filed the present action against Arrowood on October 30, 2013. The complaint lists two counts. The first count alleges a breach of contract by Arrowood based on its refusal "to reimburse Select Comfort for approximately half a million dollars that Select Comfort paid in reasonable and necessary defense fees and costs that were incurred in defending the Stearns Action." Compl. ¶ 44. The second count seeks a declaratory judgment. As stated in the complaint's prayer for relief, Select Comfort asks the Court to "declare that a conflict of interest existed between Arrowood and Select Comfort with respect to the Stearns Action, thereby converting Arrowood's duty to defend into the duty to reimburse Select Comfort for the

reasonable and necessary fees and costs that Select Comfort incurred in connection with defending the Stearns Action." Compl., 11-12.

Presently before the Court is Select Comfort's motion for partial summary judgment seeking essentially that declaration.[1] At this early stage of the litigation—when the record may not yet fully reflect the relationship of the requested declaration to the underlying dispute between the parties—the Court denies the motion. The denial is without prejudice.

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Plaintiff Select Comfort Corporation's Motion for Partial Summary Judgment [Docket No. 10] is DENIED without prejudice.

Dated: February 28, 2014

s/Joan N. Ericksen<br>
JOAN N. ERICKSEN<br>
United States District Judge

---

[1] The motion seeks a declaration that Arrowood's "reservation of rights created a conflict of interest, which precluded Arrowood from selecting defense counsel and controlling Select Comfort's defense of the" Stearns Action. Dkt. 10.