UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Select Comfort Corporation,

       Plaintiff,

v.                                  Civil No. 13-2975 (JNE/FLN)
                                       ORDER

Arrowood Indemnity Company,

       Defendant,

v.

American Family Mutual Insurance Company,
St. Paul Mercury Insurance Company,

       Third-Party Defendants.

---

Jeffrey J. Bousloug and Patrick M. Fenlon, Oppenheimer Wolff & Donnelly LLP, appeared for Plaintiff Select Comfort Corporation.

Robert D. Brownson and Sarah A. Wall, Brownson & Ballou, PLLP, appeared for Defendant Arrowood Indemnity Company.

Steven P. Pope appeared for Third-Party Defendant American Family Mutual Insurance Company.

---

      Select Comfort Corporation ("Select Comfort") filed the complaint in this action in connection with an insurance dispute with one of its general commercial liability insurers, Arrowood Indemnity Company ("Arrowood"). Arrowood filed a third-party complaint for contribution against various other insurers, including American Family Mutual Insurance Company ("American Family"). The present coverage disputes relate to coverage for a putative class-action lawsuit filed in California on or around April 25, 2008, naming Select Comfort Retail Corporation ("Select Comfort Retail") as a defendant ("the Stearns Action").

1

The matter is before the Court on motions filed by Select Comfort and Arrowood, pursuant to Federal Rule of Civil Procedure 56, as well as a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by American Family.  The Select Comfort and Arrowood motions present the question of whether Arrowood's reservation of rights, while accepting defense of the Stearns Action, created a conflict of interest that converted its duty to defend into a duty to reimburse Select Comfort for reasonable defense costs.  American Family seeks dismissal of the complaint against it on the ground that it never insured the defendant in the Stearns Action—Select Comfort Retail.  For the reasons stated below, Select Comfort's motion for partial summary judgment is granted, Arrowood's motion for summary judgment is denied, and American Family's motion to dismiss is granted.

## BACKGROUND

After the filing of the Stearns Action, Select Comfort tendered its defense to Arrowood, American Family, and other insurers.  The original complaint in the Stearns Action was filed against Select Comfort Retail and other defendants on behalf of all "original purchasers and users" of a Sleep Number® bed "manufactured by [Select Comfort Retail] between January 1, 1987 and December 31, 2005."  ECF No. 75-4 at 7.[1]  The complaint alleged that the beds had a propensity to develop and incubate mold, leading to adverse health consequences for users, and that the defendants failed to take appropriate remedial measures.  The complaint asserted claims for strict products liability, breach of express warranty, breach of implied warranty, concealment, intentional misrepresentation, and negligent misrepresentation.

---

[1]     Citations to page numbers in documents filed on ECF are to the page numbers generated by the system and included at the top of the filed document rather than to any page numbers in the native document itself.

1.  <u>Background relevant to Select Comfort and Arrowood's motions</u>

Defendant Arrowood provided insurance to Select Comfort under two one-year policies spanning the time period from February 1, 2001, to February 1, 2003.[2]  ECF Nos. 75-2, 75-3. The Arrowood policies provide for a $1,000,000 per occurrence limit of liability and a $2,000,000 general aggregate limit of liability.  The policies additionally cover defense fees and costs without reducing those limits.

A series of letters between counsel for Select Comfort and Arrowood form the relevant communications for assessing the reservation of rights and conflict of interest dispute.  In response to Select Comfort's notice of the Stearns Action, Arrowood confirmed, by a letter dated June 23, 2008, that it agreed to participate in the defense of the action, subject to a reservation of rights.  ECF No. 105-4.  The letter enumerates several issues that Arrowood reserved its right to raise later in challenging coverage, the first of which is most relevant to the present dispute.  For that item, the letter notes that the policies define "bodily injury" and "property damage" in terms of "physical injuries to persons or their tangible property, or loss of use of property caused by an 'occurrence'"—defined to be "an accident, including continuous or repeated exposure to substantially the same harmful conditions"—and the Stearns complaint sought compensation for injuries that may not qualify, "such as intangible injuries, economic losses, attorneys' fees and statutory damages." *Id.* at 5-6.  The letter concludes with a general reservation of the right to withdraw, raise additional defenses, seek reimbursement related to noncovered claims or liability, and seek a judicial ruling on coverage.

The June 23, 2008, letter also communicated Arrowood's referral of the defense of the Stearns Action to counsel at the law firm of Lewis, Brisbois, Bisgaard & Smith LLP in San

---

[2]    Arrowood is the successor in interest to American and Foreign Insurance Company, the entity listed as the insurer on the policies at issue.

Francisco, California.  The letter states Arrowood's position that none of the issues identified in the letter created a conflict of interest for the counsel retained by it.  The letter also notes that Select Comfort would be "welcome to associate counsel of its choice to work with retained counsel in the defense of this action at its own expense." *Id.* at 8.

Select Comfort responded to Arrowood through counsel at the Oppenheimer Wolff & Donnelly LLP firm in Minnesota in a letter dated July 2, 2008.  ECF No. 105-6.  Select Comfort communicated its position that Arrowood's reservation of rights created a conflict of interest that converted Arrowood's "duty to defend into a duty to reimburse reasonable defense costs." *Id.* at 3.  Based on its position, Select Comfort intended to have the Oppenheimer firm litigate the Stearns Action on Select Comfort's behalf and represent it with regard to the coverage issues raised by Arrowood.

Arrowood sent a letter on July 16, 2008, disagreeing that any conflict existed.  ECF No. 105-5.  The July 16, 2008, letter states that Arrowood reserved its rights on the five grounds of:

- Injury other than "bodily injury" or "property damage";
- Relief other than "damages";
- "Bodily injury" or "property damage" that occurred outside of its coverage period;
- Punitive or exemplary damages, fines or penalties; and
- Property damage to its own products.

*Id.* at 3.  The letter goes on to state that

Contrary to the assertions in your July 2 letter, Arrowpoint's[3] reserved coverage defenses do not turn on the development of the factual record in the underlying case.  The existence of coverage under the Arrowpoint policies is not dependent upon how the trier of fact characterizes the insured's behavior – for example, whether any injury was intended or unintended.

*Id.*

---

[3]      Some of the communications refer to "Arrowood" as "Arrowpoint."  At the hearing on the present motions, counsel confirmed that the references are to the same entity.

In an August 14, 2008, letter, counsel for Select Comfort responded to further argue the position that Arrowood's June 23, 2008, letter created a conflict of interest. ECF No. 105-7. The August 14, 2008, letter notes the causes of action asserted in the Stearns Action, including the claims for concealment as well as intentional misrepresentation, and observes that Arrowood had stated that the "suit includes claims and elements of relief that may not be covered." *Id.* at 3. The Select Comfort letter then identifies the specific exclusions and catch-all reservation stated in Arrowood's initial letter as creating a conflict of interest.

A November 11, 2008, letter from Arrowood's counsel again disagreed that any actual conflict existed. ECF No. 105-8. In relevant part, the letter notes that Select Comfort had "identif[ied] four coverage issues that Arrowpoint has reserved that you contend create a conflict of interest, including (1) the requirement of a covered type of injury; (2) the 'occurrence' requirement; (3) the work product exclusions; and (4) the coverage dates." *Id.* at 2. The letter discussed each of the items and for the second one, which is the item of interest for present purposes, states:

> As to the second issue, you contend the complaint alleges that the "purported 'bodily injury' and/or 'property damage' that the Class Plaintiffs suffered was not accidental," and contend Arrowpoint reserved the right to deny coverage "in the event that the facts in the underlying dispute indicate that the purported 'property damage' or 'bodily injury' are not caused by an 'occurrence.'" I have seen no document, however, in which Arrowpoint reserved the right to deny coverage on the ground the plaintiffs' injuries were not "accidental." *See Dynamic Concepts, Inc. v. Truck Ins. Exchange*, 61 Cal. App. 4th 999, 1010 n.10 (1998) (no conflict where "knowledge of falsity" exclusion was not preserved in insurer's reservation of rights letter). If you believe it has, perhaps you could identify the page and paragraph in the reservation of rights letter that reserves that issue so that I can review it again.

*Id.* at 3.

Although maintaining its position on the conflict of interest dispute, Arrowood agreed to provide reimbursement of its share of the defense costs to Select Comfort sometime in November 2008.  After the first amendment of the complaint in the Stearns Action, Select Comfort inquired whether Arrowood's reservation of rights position differed on the amended complaint as compared to the original one.  In a March 20, 2009, letter, Arrowood confirmed that its defense "is subject to the same terms and conditions set forth in its existing reservation of rights."  ECF No. 75-22 at 1.

With the Oppenheimer firm representing Select Comfort, litigation of the Stearns Action continued until August 2012, when the parties stipulated to a dismissal with prejudice.  During the course of the litigation, Oppenheimer invoiced Select Comfort for a total amount of $1,033,779.89 for the Stearns Action.  The payments from Arrowood and two other insurers over that period total $557,251.87.

Select Comfort filed the present action against Arrowood on October 30, 2013.  The complaint lists two counts.  Count 1 alleges a breach of contract by Arrowood based on its refusal "to reimburse Select Comfort for approximately half a million dollars that Select Comfort paid in reasonable and necessary defense fees and costs that were incurred in defending the Stearns Action."  ECF No. 1 ¶ 44.  The second count seeks a declaratory judgment.  As stated in the complaint's prayer for relief, Select Comfort asks the Court to "declare that a conflict of interest existed between Arrowood and Select Comfort with respect to the Stearns Action, thereby converting Arrowood's duty to defend into the duty to reimburse Select Comfort for the reasonable and necessary fees and costs that Select Comfort incurred in connection with defending the Stearns Action."  *Id.* at 11-12.

2.  <u>Background relevant to American Family's motion</u>

American Family insured Select Comfort from July 1, 1988, to July 1, 1992.  Select

Comfort Retail was created as a Minnesota corporation in 1993.[4]  Select Comfort notified

American Family of the Stearns Action in September 2008.  American Family denied coverage

on the ground that at no time did it insure Select Comfort Retail, the relevant defendant in the

Stearns Action.  The complaint in the Stearns Action was amended four times in the two years

after it was filed.  Select Comfort Retail remained the only entity within Select Comfort's

corporate structure named as a defendant by any of the amended complaints.

Arrowood's third-party complaint against American Family alleges that American

Family's policy with Select Comfort required it to defend the Stearns Action.  Arrowood seeks a

declaration that American Family provided insurance coverage to Select Comfort during the time

period relevant to the Stearns Action.  It also seeks an award of contribution by American Family

to Arrowood's past and future defense and indemnity costs for the Stearns Action, as well as any

attorneys' fees that Arrowood might be required to pay Select Comfort in the coverage action.

## DISCUSSION

The standards applicable to motions for summary judgment under Federal Rule of Civil

Procedure 56 and motions to dismiss pursuant to Rule 12(b)(6) are well established and well

known.  Summary judgment is proper "if the movant shows that there is no genuine dispute as to

any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P.

56(a).  Summary judgment is particularly appropriate when the disputed issues are primarily

legal rather than factual.  *See Schrier v. Halford*, 60 F.3d 1309, 1310 (8th Cir. 1995).

Interpretation of an insurance policy and application of the policy to the facts in a case are

---

[4]      The company was initially called "Select Comfort Distribution Corporation" and its name
changed to "Select Comfort Retail Corporation" in 1995.

questions of law.  *Am. Family Ins. Co. v. Walser*, 628 N.W.2d 605, 609 (Minn. 2001);[5] *see also*

*Reliance Ins. Co. v. Shenandoah S.*, 81 F.3d 789, 791 (8th Cir. 1996) (noting that "issues

involving the duty to defend are particularly amenable to summary judgment").

A motion to dismiss must be granted if the complaint fails to state a claim upon which

relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).  In ruling on a motion to dismiss, a court

accepts the facts alleged in the complaint as true and grants all reasonable inferences supported

by the facts alleged in favor of the plaintiff.  *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594-

95 (8th Cir. 2009).  When deciding a motion to dismiss, a court may also consider documents

whose contents are alleged in a complaint and whose authenticity no party questions.  *Kushner v.

Beverly Enterprises*, 317 F.3d 820, 831 (8th Cir. 2003).

Guided by these general standards, the Court considers Select Comfort and Arrowood's

summary judgment motions together and then American Family's motion to dismiss.

1. The conflict of interest question presented by Select Comfort and Arrowood's
   summary judgment motions

Select Comfort and Arrowood have effectively filed cross-motions for summary

judgment on the question of whether Arrowood's reservation of rights created a conflict of

interest that converted Arrowood's duty to defend[6] into a duty to reimburse Select Comfort for

the reasonable costs of defending itself using separate counsel.  With its present motion for

partial summary judgment, Select Comfort asks the Court to rule in its favor on the issue.  With

its summary judgment motion, Arrowood seeks a ruling in its favor on it.  Arrowood also

---

[5]     Although earlier in the case Arrowood raised a question as to the law applicable in this
case, it does not disagree with Select Comfort that Minnesota law applies to the determination of
their dispute and uses Minnesota law in its submissions on the conflict of interest question.  *See*
ECF No. 20 at 10-11; ECF Nos. 104 and 111.  American Family relies on Minnesota law for its
motion and Arrowood has not raised any choice of law issue that needs to be considered in
deciding that motion.
[6]     Arrowood does not dispute that it had a duty to defend with respect to the Stearns Action.

contends that it if the issue is decided in its favor, the complaint should be dismissed in its entirety.

Under Minnesota law, when an insurer with a duty to defend an insured on a claim "would be required to take opposing positions" to defend the insured against the claim and to defend itself on a coverage question, the conflict of interest transforms the insurer's duty to defend into a duty to reimburse the insured for reasonable attorneys' fees incurred in defending the underlying lawsuit. *Prahm v. Rupp Constr. Co.*, 277 N.W.2d 389, 391 (Minn. 1979); *accord Grain Dealers Mut. Ins. Co. v. Cady*, 318 N.W.2d 247, 251 (Minn. 1982) (determining that a duty to defend existed, but due to a conflict of interest, the insured's obligation was to reimburse the insured for reasonable attorneys' fees). Although *Prahm* and *Grain Dealers* did not involve a reservation of rights, a subsequent Minnesota case—*Jostens, Inc. v. Mission Ins. Co*., 387 N.W.2d 161 (Minn. 1986)—did. Although not central to the main dispute discussed, the *Jostens* opinion noted that "an insurer may undertake a defense under a reservation of rights" as "a matter of agreement between the insurer and the insured." 387 N.W.2d at 167 n.6. It observed, without disapproval, that the insured in *Jostens* had rejected the offer of one of the insurers to defend under a reservation of rights "likely because it created a conflict of interest." *Id.* The conflict identified in *Jostens* was that the policy might have covered the underlying claims of wrongful discharge and fraud only if "unintentional," such that it would be to the insured's advantage to show that its conduct was unintentional, while it would be to the insurer's advantage to show it was intentional. *Id.* Although not every reservation of rights will create a conflict of interest, *see Mutual Service Casualty Ins. Co. v. Luetmer*, 474 N.W.2d 365, 368-69 (Minn. Ct. App. 1991), *Jostens* confirms that such a conflict exists when the underlying action will involve trial of a fact issue on which the insured and insurer would be on opposing sides in a

coverage dispute that the insurer reserved its right to raise.  *See Jostens*, 387 N.W.2d at 167 n.6 (noting that "in cases where the parties agree and the main action can be tried without having to try a fact issue that also creates a conflict of interest, the reservation of rights device can be a useful, simple, and inexpensive method of handling the litigation"); *see also Downhole Navigator, L.L.C. v. Nautilus Ins. Co*., 686 F.3d 325, 328-30 (5th Cir. 2012) (referring to Texas law, under which a conflict does not arise any time an insurer-retained attorney "could be tempted—in violation of his duty of loyalty to the insured—to develop facts in the underlying lawsuit that could be used to exclude coverage" but rather only when the "facts to be adjudicated" are the "same facts upon which coverage depends"); *Nat'l Cas. Co. v. Forge Indus. Staffing, Inc*., 567 F.3d 871, 874-75 (7th Cir. 2009) (discussing similar principle of Illinois law).

Select Comfort contends that Arrowood's reservation of rights on multiple issues created a conflict of interest that triggered the conversion of Arrowood's duty to defend into a duty to reimburse.  Select Comfort identifies the allegation of intentional misconduct, the existence of non-covered claims, the inclusion of a non-covered time period, and the request for certain categories of damages as issues that created a conflict of interest.  But the Court's analysis need not go beyond the first item, because, as discussed in more detail below, Arrowood reserved its right to challenge coverage on the issue of the intentionality of Select Comfort's conduct and the Minnesota cases confirm that such a reservation creates a qualifying conflict of interest.  *See Jostens*, 387 N.W.2d at 167 n.6; *Prahm*, 277 N.W.2d at 391 (citing *Maryland Cas. Co. v. Peppers*, 64 Ill. 2d 187, 197 (Ill. 1976), *Burd v. Sussex Mut. Ins. Co*., 56 N.J. 383, 389-90 (N.J. 1970), *Satterwhite v. Stolz*, 79 N.M. 320, 323-24 (N.M. Ct. App. 1968), and *Utica Mut. Ins. Co. v. Cherry*, 45 A.D.2d 350, 354-55 (N.Y. App. Div. 2d Dep't 1974)—all of which involved a conflict of interest stemming from the question of intentionality of the insured's conduct—in

articulating the principle that a conflict of interest transforms a duty to defend into a duty to reimburse).

Arrowood's insurance policies limited coverage to injuries or damages resulting from an "occurrence," defined to be an "accident." The parties appear to be in agreement that the definition would exclude liability for intentional acts and that the complaint in the Stearns Action included claims implicating such acts.[7] They also appear to agree that a reservation of rights on that issue would trigger a qualifying conflict. But they disagree as to whether Arrowood reserved the right to challenge coverage based on intentional or knowing conduct. Arrowood contends that the letters between the parties show that it did not. Select Comfort contends that they show the opposite. The Court decides the dispute in Select Comfort's favor.

When viewed as a whole, Arrowood's communications would be reasonably interpreted as reserving the right to exclude coverage for intentional conduct. Arrowood's initial June 23, 2008, letter was, at best, ambiguous on the subject. While the letter did not explicitly state that Arrowood was reserving its rights to challenge coverage based on intentional conduct, it highlighted factual allegations from the Stearns complaint referring to Select Comfort Retail's knowledge of the defect, to its knowing failure to warn, and to a fraudulent scheme to conceal the defects; reviewed the policy's definition of an "occurrence" as limited to accidental events; and noted that Arrowood was only obligated to cover injuries and damages as defined in the policies. In response to Select Comfort's claim of a conflict of interest, Arrowood's July 16, 2008, was certainly clearer on the issue. In particular it stated that "[t]he existence of coverage under the Arrowpoint policies is not dependent upon how the trier of fact characterizes the

---

[7]      As stated earlier, the complaint in the Stearns Action included claims for concealment and intentional misrepresentation. Its factual allegations included assertions that Select Comfort Retail had taken knowing, fraudulent, and intentional actions with respect to the defective beds that formed the basis for the claims.

insured's behavior – for example, whether any injury was intended or unintended."  If that were the extent of the communication, a finding in Arrowood's favor might have been warranted.  But Arrowood's subsequent communications show an attempt to maintain ambiguity around the issue, such that a recipient would reasonably understand that Arrowood might challenge coverage on the basis of intentional acts later.  In particular, the November 11, 2008, letter acknowledged that Select Comfort was pointing to the "occurrence" requirement as a basis for a conflict of interest.  But rather than confirming in a plain and straightforward manner that Arrowood was not reserving the right to deny coverage on the basis of intentionality, the letter disclaims knowledge of such a reservation and asks Select Comfort to identify where it was made.  Additionally, a March 20, 2009, letter confirmed that "Arrowood's defense of Select is subject to the same terms and conditions set forth in its existing reservation of rights."  Since the June 23, 2008, letter is not specifically mentioned, the reference to "existing reservation of rights" is a bit unclear, but would reasonably be understood as referring back to that letter.

Arrowood's communications show a cautious attempt to preserve the right to challenge coverage based on the intentionality question along with the ability to argue that it was not reserved.  Although parts of the communications may be characterized as ambiguous, the same principle behind the rule that ambiguities in insurance contracts are construed against the insurer, *see Thommes v. Milwaukee Ins. Co*., 641 N.W.2d 877, 879-80 (Minn. 2002), counsels in favor of resolving the ambiguity in its reservation of rights communications against it.  Therefore, the Court concludes that Arrowood's communications reserved the right to challenge coverage based on the intentionality of Select Comfort's conduct.  That reservation implicated a fact issue that would have been decided in the Stearns Action and so a conflict of interest existed that converted its duty to defend into a duty to reimburse the reasonable costs of separate counsel.  Accordingly,

Select Comfort's motion for partial summary judgment will be granted and Arrowood's motion for summary judgment denied.

Moreover, an internal PowerPoint from Arrowood—put together at the time of the relevant communications between the parties—and the testimony of Arrowood's corporate witness reflect Arrowood's understanding that it had reserved the right to challenge coverage based on the intentionality of Select Comfort's conduct.  In particular, an internal PowerPoint about the Stearns Action, dated July 31, 2008, includes a slide titled "coverage issues" that states:  "Reservation of Rights for occurrences outside policy period, intentional torts, punitive damages, & reimbursement for and disposal of mattresses."  ECF No. 75-23 (emphasis added). Arrowood's witness for its deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) also confirmed her understanding that Arrowood's initial June 23, 2008, letter reserved Arrowood's rights to challenge coverage based on intentionality of Select Comfort's conduct.  ECF No. 120-2.  Although an insured's communication of a reservation of rights to the insured is determinative of whether or not particular rights were reserved, this extrinsic evidence further supports a finding that the ambiguity in those communications must be resolved in Select Comfort's favor.

Arrowood highlights the potential for abuse of allowing for separate counsel when a conflict of interest arises from a reservation of rights, for example because such counsel often charge more than panel counsel regularly retained by the insurer.  But the Minnesota Supreme Court has confirmed that the existence of a conflict of the type implicated here by the intentionality allegations of the Stearns complaint warrants separate counsel, unless the insured agrees otherwise.  And the potential for abuse would be better managed through the determination of the reasonableness of costs of alternative counsel—a determination that could

13

account for rates paid to panel counsel.[8]  It could also be better managed by the parties through contract, i.e. by setting out the parameters for the insured's hiring of independent counsel, in the event the insured believes a conflict of interest exists, as part of the insurance agreement.

2.   American Family's motion to dismiss Arrowood's third-party complaint seeking contribution

American Family contends that it does not owe any contribution to Arrowood because it never insured Select Comfort Retail, which was the only Select Comfort entity sued in the Stearns Action.  An insurer's duty to defend is contractual.  *Meadowbrook, Inc. v. Tower Ins. Co.*, 559 N.W.2d 411, 415 (Minn. 1997).  The duty to defend is broader than the duty to indemnify and the former "generally covers those claims that arguably fall within the scope of the policy."  *Id.*  To determine the existence of such a duty, a court compares the allegations of the complaint in the underlying action with the relevant language of the insurance policy.  *Id.*

The American Family insurance policy at issue lists Select Comfort as the named insured.  ECF No. 96-1.  In the section on "who is an insured," the policy provides that if a named insured is designated as "[a]n organization other than a partnership or joint venture," it is an insured.[9]  *Id.* at 45.  That section also provides that "[a]ny organization you newly acquire or form, other than a partnership or joint venture, and over which you maintain ownership or majority interest, will

---

[8]      That is the approach mandated in California by statute.  *See* Cal. Civ. Code § 2860 (outlining a framework for insurer conflict of interest situations and providing that the "insurer's obligation to pay fees to the independent counsel selected by the insured is limited to the rates which are actually paid by the insurer to attorneys retained by it in the ordinary course of business in the defense of similar actions in the community where the claim arose or is being defended").

[9]      The relevant provision as a whole describes that category of insured as follows:
> If you are designated in the Declarations as ….[a]n organization other than a partnership or joint venture, you are an insured.  Your executive officers and directors are insureds, but only with respect to their duties as your officers or directors.  Your stockholders are also insureds, but only with respect to their liability as stockholders.

ECF No. 96-1 at 45.

qualify as a Named Insured" for 90 days from the time of acquisition or formation and under

certain conditions.  *Id.*  On transferring of rights and duties, the policy provides that "[y]our

rights and duties under this policy may not be transferred without our written consent except in

the case of death of an individual named insured."  *Id.* at 32.

The complaint in the Stearns Action named Select Comfort Retail as a defendant.  A

plain reading of the applicable American Family policy confirms that Select Comfort Retail was

not an insured under it.  Arrowood does not dispute that fact.  Rather, Arrowood contends that

the allegations of the complaint in the Stearns Action "clearly asserted allegations against Select

Comfort Corporation," even though it was not named as a defendant.  *See* ECF No. 116 at 2, 10-

11.  Arrowood argues that since Select Comfort Retail did not exist for the first part of the class

period that started on January 1, 1987, the complaint cannot be read as alleging claims only

against Select Comfort Retail.

But American Family's insurance policy sets out American Family's duty to defend

obligations.  The relevant coverage provision states

> We will pay those sums that the insured becomes legally obligated to pay as damages
> because of "bodily injury" or "property damage" to which this insurance applies.  We
> will have the right and duty to defend any "suit" seeking those damages.

ECF No. 96-1 at 40.  That provision also confirms that "[n]o other obligation or liability to pay

sums or perform acts or services is covered unless explicitly provided for under" a

supplementary payments provision.  *Id.*

Since the insured—Select Comfort—was not a defendant in the Stearns Action, no

judgment against it would result from that action obligating it to pay damages.  Under the

relevant policy terms, therefore, American Family did not have a duty to defend the Stearns

Action at the time it was tendered to it.  While there may have been a good chance that Select

15

Comfort would have been added as a defendant if the Stearns Action continued, American Family did not have a duty to defend it under the contractual terms until that occurred.

Arrowood does not cite any cases to support its position that corporate entity distinctions should be disregarded and a duty to defend found in these circumstances.  It quotes *Johnson v. AID Insurance Co*., 287 N.W.2d 663, 665 (Minn. 1980), for the proposition that "while a liability insurance carrier may initially rely on the allegations of the underlying complaint to determine whether it must provide its insured with a defense, it may not rely on that determination, without investigating the facts, once the insured has come forward and made some factual showing that the suit is actually one for damages resulting from events which do fall into policy terms."  But the very next sentence in *Johnson* says "[i]f any part of the cause of action against its insured is arguably within the scope of coverage, the insurer must provide a defense."  287 N.W.2d at 665 (emphasis added).  Here there was no action against its insured and American Family's duty to defend was not triggered.  Arrowood also makes much of the representation by counsel for Select Comfort that they had been retained to represent Select Comfort with respect to the Stearns Action.  But Arrowood has not articulated any sound reason to find that just because one corporate entity acts like a suit is against it—even when the complaint does not list it as a defendant—the insurer for that entity is obligated to defend the suit, when its insurance contract provides otherwise.

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1.  Plaintiff Select Comfort Corporation's Motion for Partial Summary Judgment [ECF No. 72] is GRANTED.

2.  Third-Party Defendant American Family Mutual Insurance Company's Motion to Dismiss [ECF No. 93] is GRANTED.

16

3.      Defendant Arrowood Indemnity Company's Motion for Summary Judgment
        [ECF No. 109] is DENIED.

Dated:  August 26, 2014

                                        s/Joan N. Ericksen
                                        JOAN N. ERICKSEN
                                        United States District Judge